IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RICHARD D. SMITH,**
    Petitioner,

v.                                                  Case No. 1:05cv30/MP/MD

**JAMES R. MCDONOUGH,**
    Respondent.

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1). Respondent has filed a response (doc. 25) to which petitioner has replied with a memorandum (docs. 27, 28). Earlier, the Magistrate Judge recommended dismissal for failure to exhaust (it appearing that petitioner had a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 pending in the state court) (doc. 8), but the district judge rejected the recommendation (doc. 16) after petitioner filed documents tending to show that the motion for post-conviction relief had been concluded (docs. 111, 14, 15). On further review the undersigned ordered the respondent to address a possible procedural default matter, and to more fully brief the court on the merits of petitioner's claim, which he has done (docs. 32, 33). The same order invited petitioner to reply by June 24, 2006, but he has not done so. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that

petitioner is not entitled to relief, and that the petition is without merit and should be denied.

## BACKGROUND AND PROCEDURAL HISTORY[1]

Petitioner and Polly Todd were married in 1997. The marriage was not a happy one, and the couple separated as many as twenty times before their final separation in early 1999. Polly Todd had children from a previous marriage, but none with the petitioner. When the couple separated for the last time, Ms. Todd resided for a time with a friend, Roberta, and then moved in with her boyfriend, Richard Mullins. Mr. Mullins lived near Williston, Florida on a 60 or 70 acre farm. Ms. Todd had no contact with the petitioner after their last separation, and in fact she was hiding from him. In mid August, 1999 Ms. Mullins discovered a birdhouse atop a fence post at the end of the Mullins driveway. She recognized the birdhouse as one she had once received on Mother's Day, and which she had left in petitioner's house when they separated.

A few days later, on August 19, 1999 the petitioner met with one of Ms. Todd's daughters, Amy Moore, by pre-arrangement at a grocery store in Williston. Petitioner gave Ms. Moore a sealed envelope, and $100 to deliver the envelope and its enclosed letter to her mother. He also asked her to try to convince her mother to leave Mr. Mullins and return to meet him at the grocery store, in return for which petitioner would give Ms. Moore an additional $100. Not suspecting that anything was amiss, Ms. Moore agreed, but she did not know where Mr. Mullins and her mother lived, so petitioner led her there in his truck. It was dark when they arrived, and petitioner parked some distance from the home. Ms. Moore was let into the home and talked to her mother for a time. She opened the letter and started to read it to her mother, but Ms. Todd told her to stop and placed the letter aside. In the meantime, for

---

[1] The facts stated herein are those presented at trial and viewed in the light most favorable to the prosecution. Where there are conflicting inferences and disputes exist, this Court must presume that the jury resolved such conflicts in favor of the prosecution, and must defer to that resolution. *Martin v. State of Alabama*, 730 F.2d 721,724 (11th Cir. 1984). Although this court is not called on to address directly the sufficiency of the evidence, the evidence presented to the jury plays a major part in the court's analysis.

*Case No: 1:05cv30/MMP/MD*

unknown reasons, Mr. Mullins went outside.  Petitioner found him, and fatally shot him with a .22 rifle.

Petitioner was charged with first degree murder in the Circuit Court of Levy County, Florida.  Prior to trial petitioner's counsel filed a motion *in limine*, seeking to prevent the state from using the letter Ms. Moore delivered to her mother.  Counsel argued that because petitioner and Ms. Todd were still legally married, the petitioner was entitled to invoke Florida's Husband-Wife privilege, Fla. Stat. § 90.504.  The court agreed, and the motion was granted.  The case against petitioner was tried to a jury in October 2001, and he was found guilty of second degree murder.  The trial court sentenced him to life.

Petitioner appealed unsuccessfully and filed two state petitions for habeas corpus relief and two motions for post-conviction relief pursuant to Fla.R.Crim.P. 3.850.  In the first 3.850 motion, filed May 24, 2004, petitioner raised the single claim he raises here (ex. U, pp. 101-131),[2] arguing that the arrest warrant and resulting prosecution were unlawful because they depended on the privileged letter for their statement of probable cause.  The trial court denied the motion summarily, holding that the issue could and should have been raised on appeal but was not, and was procedurally barred (ex. U, p. 132).

## STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States.  As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19.  In relevant part, section 2254(d) now provides:

---

[2]Hereafter, all references to exhibits will be to those provided at doc. 25, unless otherwise noted.

*Case No: 1:05cv30/MMP/MD*

> **(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–**
> > **(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or**
> > **(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.**

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The appropriate test was described by Justice O'Connor as follows:

> **In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.**

120 S.Ct. at 1523 (O'Connor, J., concurring). Under the test just described a habeas court does not examine the State court's ruling to see if it is correct, but examines it only to see if it is reasonable. More recently, in *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), the Supreme Court instructed that, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal

principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Id.*, 123 S.Ct. 1172. The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." *Neelley v. Nagle*, 138 F.3d 917, 923 (11th Cir. 1998).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Lockyer,* 123 S.Ct. at 1173 (quoting *Williams v. Taylor*, 529 U.S. at 405-06, 120 S.Ct. at 1519-20). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases--indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 365, 154 L.Ed.2d 263 (2002) (quoting *Williams*, 529 U.S. at 405-06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams,* 529 U.S. at 409, 120 S.Ct. at 1521. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. *Holland v. Jackson*, 542 U.S. 649, 652, 124 S.Ct. 2736, 2737-38, 159 L.Ed.2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697, n. 4, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision

was contrary to federal law). An objectively unreasonable application of federal law occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001); *see also Carr v. Schofield*, 364 F.3d 1246, 1250 (11th Cir. 2004) (A state court decision involves an unreasonable application of clearly established Federal law if the State court decision "identifies the correct governing Supreme Court legal principle . . . but . . . 'refuses to extend the governing principle to a context in which the principle should have controlled.'" (quoting *Ramdass v. Angelone*, 530 U.S. 156, 166, 120 S.Ct. 2113, 2120, 147 L.Ed.2d 125 (2000))).

Section 2254(d)(1) requires more than mere error, and more even than clear error on the part of the State court before federal habeas relief may be issued. *E.g., Mitchell v. Esparza*, 540 U.S. 12, 124 S.Ct. 7, 12, 157 L.Ed.2d 263 (2003) ("We may not grant respondent's habeas petition, however, if the state court simply erred. . . ."); *Lockyer, supra*, 538 U.S. at 75, 123 S.Ct. at 1175 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); *Early v. Packer*, 537 U.S. at 11, 123 S.Ct. at 366 (State court "decisions which are not 'contrary to' clearly established Supreme Court law can be subjected to habeas relief only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law. . . ."); *Williams, supra*, 529 U.S. at 410-12, 120 S.Ct. at 1522-23 (The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion.").

Only if the federal habeas court finds the State court decision to be contrary to, or an unreasonable application of, clearly established Supreme Court law does it take the final step of conducting an independent review of the merits of the petitioner's claims. *Neelley*, 138 F.3d 917. Even so, the writ still will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

**Section 2254(d)** also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 1041, 154 L.Ed.2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Crawford v. Head*, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides for a "highly deferential standard of review" for factual determinations made by a state court).

## PETITIONER'S GROUND FOR RELIEF

Petitioner here makes only one claim - that his Fifth Amendment right to due process was violated when he was prosecuted based on inadmissible evidence. He contends that it was error for the court to authorize the issuance of a search warrant and for the state to prosecute, when the probable cause affidavit in support of the warrant was based on privileged communication between himself and his wife.

As noted earlier, petitioner moved *in limine* to prohibit use of the letter at trial because it was privileged under Fla. Stat. § 90.504. The trial court granted his motion and the letter was not used at trial. Here petitioner takes the matter one step further and says that the arrest warrant issued on a privileged communication was void, and that he was therefore immune from prosecution. Petitioner is not entitled to federal habeas corpus relief on this claim for two reasons: it was never properly exhausted in the state courts, and it is without merit even if exhausted.

**Exhaustion and Default**

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),³ thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Picard*, 404 U.S. at 277-78.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S.Ct. at 1734.  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Chambers v. Thompson*, 150

---

³Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

F.3d 1324, 1326-27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). However, a petitioner may obtain federal review of his claim if the state procedural rule is applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S.Ct. 850, 858, 112 L.Ed.2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

To overcome a procedural default, the petitioner must show cause and prejudice or a fundamental miscarriage of justice in order for the federal habeas court to reach the merits of a claim. *Tower*, 7 F.3d at 210; *Parker*, 876 F.2d 1470. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Lack of counsel or ignorance of available procedures is not enough to establish cause. *Tower v. Phillips, supra.* To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The petitioner meets the "probably resulted" standard by demonstrating, based on new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 329, 115 S.Ct. at 867-68. The "reasonable doubt" standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* at 329, 115 S.Ct. at 868. The petitioner must support the actual innocence claim "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.* at 324, 115 S.Ct. at 865. A petitioner meets the

"threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raised "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 115 S.Ct. at 862.

Petitioner asserts in his petition before this court that he raised the instant claim in state court by (1) presenting it to the trial court, (2) presenting it in a Rule 3.850 motion filed in 2004, and (3) presenting it in a state habeas corpus petition filed in 2004 "by submitting complaint and warrant as evidence of claims." (Doc. 1, p. 4). The record establishes that in 2004 petitioner filed a motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850 in which he argued that the criminal complaint and the resulting warrant were improperly based on his privileged letter, and that prosecution based on the complaint and warrant violated his Fifth Amendment right against self-incrimination (ex. U, pp. 101-131). The trial court denied relief, dismissing the motion summarily on the grounds that if the issue was brought to the attention of the trial court and appealed, it had been properly resolved. If the matter was not raised before the trial court and on direct appeal, it could not be raised in a Rule 3.850 motion because it was waived (ex. U, pp. 132-133). The Rule 3.850 court's decision was affirmed on appeal without opinion (ex. X).

Later in 2004, petitioner filed a state habeas corpus petition. There, he again attacked the complaint and arrest warrant because it was based on the privileged communication (the letter). Petitioner also raised an ineffective assistance of counsel claim based on counsel's failure to file a motion to dismiss the charges (ex. S). The state court denied the petition finding it procedurally barred, citing *Denhart v. Dugger*, 567 So.2d 1041 (Fla. 1st Dist. Ct. App. 1990) (ex. T). In *Denhart*, a defendant was convicted of multiple counts of possession of photographs representing sexual conduct by a child. He filed a petition for writ of habeas corpus, alleging that the facts would only support conviction on one count. The petition was denied on the grounds that the issue presented could have been raised on direct appeal or by a motion for post-conviction relief. The appellate court affirmed the denial of relief, explaining, "We find that the trial court properly denied habeas relief because of the existence of alternate remedies." *Id.*

Here, petitioner does not assert that he raised the issue on direct appeal, and the record establishes that he did not. On direct appeal petitioner raised a single claim of error, contending that the trial court erred in denying his motion for acquittal where the state's circumstantial evidence failed to rebut his reasonable hypothesis of innocence, and was insufficient to support a conviction (ex. L, p. 27-37). The court of appeal affirmed without written opinion (ex. O). Because this issue was not raised on direct appeal when it could and should have been, petitioner was procedurally barred from pursuing the claim in a Rule 3.850 motion, as the state court determined. *See Harvey v. Dugger*, 656 So.2d 1253, 1256 (Fla. 1995) (holding that an issue that should have been raised on appeal is not cognizable through collateral attack). For the same reason, petitioner was procedurally barred from raising the claim on habeas corpus, as the state habeas court found. Both of the state courts in which petitioner raised his claim imposed a procedural bar and declined to reach the merits.

As the issue now before this court was presented in state court and rejected on the independent and adequate state ground of procedural bar or default, this court should consider the claim procedurally defaulted. Petitioner has made none of the requisite showings to excuse his default. Thus this court should not review the merits.

If the court were to consider the claim, it would be found to be without merit. The criminal complaint in this case indeed made reference to petitioner's letter to his wife (ex. A). However, it also recited numerous other facts gained through interviews with Amy Moore and others which would have been sufficient to support the issuance of a warrant without reference to petitioner's letter to Polly Todd. This included Ms. Moore's statement that petitioner recently told her he intended to kill Polly Todd and led her to the Mullins property and parked away from the home; that Mullins was killed by a .22 bullet near the area where petitioner parked on the night of the murder; that petitioner had recently been seen with a .22 rifle; that Polly Todd had recently seen petitioner near the Mullins property where she lived and had found a birdcage on a fencepost that she knew to be in petitioner's possession.

Furthermore, and contrary to petitioner's implied argument, the evidence was not obtained illegally; petitioner had it delivered to Polly Todd. Under state law it could not be used against him because of a statutory privilege, but that does not raise a constitutional claim. In other words, the petitioner was not forced to incriminate himself when he made the statements in the letter. He did so voluntarily. If the state granted him a statutory privilege, he was able to take advantage it, but that did not absolve him from prosecution under any right guaranteed by the Constitution.

Moreover, and more fundamentally, even if the letter was somehow illegally seized, petitioner's claim is legally unsupportable. The United States Supreme Court has held that, where the government illegally obtains incriminating evidence in violation of the Fifth Amendment (as petitioner essentially claims here), the defendant "would at most be entitled to suppress the evidence and its fruits if they were sought to be used against him at trial" (as happened here) and that the remedy provided by the exclusionary rule "does not extend to barring the prosecution altogether. *United States v. Blue*, 384 U.S. 251, 255, 86 S.Ct. 1416, 1419, 16 L.Ed.2d 510 (1966). "So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." *Id.*

Petitioner did not properly present his federal claim to the state courts and is not entitled to have his claim considered here. If the court were to consider it, the claim is without merit. Accordingly, it is respectfully RECOMMENDED that the § 2254 petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. Richard D. Smith* in the Circuit Court of Levy County, Florida, case no. 38-1999-CF-00491-A, be DENIED, that this cause be DISMISSED, and that the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**